IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| JOHN F. SIMONTACCHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:05CV283 |
| | ) | |
| IVENSYS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| JOHN F. SIMONTACCHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:06CV52 |
| | ) | |
| IVENSYS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

These matters are before the court upon the issue of what standard of review must be employed in the court's review of Plaintiff's claim for long-term disability benefits. At the pre-trial conference held in these cases, the court requested that the parties brief this issue, as it impacts what the scope of discovery should be. The parties have filed their briefs, the Defendant has filed supplemental information at the court's request, and the court is prepared now to make a decision.

Plaintiff was employed by the Defendant and was a participant in the Ivensys Long Term Disability Plan ("LTD Plan"), which is a welfare benefit plan governed by ERISA. Plaintiff was terminated on January 14, 2003 and shortly thereafter applied for long term disability benefits.

1

Plaintiff was eventually awarded benefits in the amount of $10,000 per month, the Maximum

Disability Benefit. In August of 2004, Plaintiff claimed that he was entitled to receive additional

long term disability benefits pursuant to the Schedule of Benefits/Class 5 (with a maximum

benefit of $20,000 per month), rather than the Schedule of Benefits/Class 2 (with a maximum

benefit of $10,000 per month). He also contended that the bonuses he received should have been

considered commissions, and thus, Covered Earnings, under the terms of the LTD Plan. On

September 24, 2004, the Plan denied Plaintiff's claim. Plaintiff appealed the denial of benefits,

and the Plan denied the appeal on the grounds that Plaintiff was being paid pursuant to the

appropriate schedule of benefits and that Covered Earnings do not include bonuses. On May 19,

2005, Plaintiff filed suit under ERISA. Plaintiff contends that the court should employ a *de

novo* standard of review and the Defendant argues that the abuse of discretion standard is

appropriate.

 The Supreme Court has held that a denial of benefits under ERISA must be reviewed

under a *de novo* standard "unless the benefit plan gives the administrator or fiduciary

discretionary authority to determine eligibility for benefits or to construe the terms of the plan."

Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The Fourth Circuit has stated

that "a court reviewing the denial of dsability benefits under ERISA initially must decide whether

a benefit plan's language grants the administrator or fiduciary discretion to determine the

claimant's eligibility for benefits, and if so, whether the administrator acted within the scope of

that discretion." Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264, 268 (4th Cir. 2002).

"The plan's intention to confer discretion on the plan administrator or fiduciary, however, must

be clear. . . . If a plan does not clearly grant discretion, the standard of review is *de novo*." Id. at

268-69.  Ambiguities in the plan are construed against the drafter.  Id.

The Defendant has represented that the decision-maker with regard to Plaintiff's eligibility for benefits in this case was the Plan Administrator, which in the Summary Plan Description is identified as the Invensys Employee Benefits Committee.  The issue before the court is therefore whether the Plan grants the Plan Administrator discretionary authority to determine eligibility for benefits and construe the terms of the Plan.  The Summary Plan Description states that the Plan Administrator (the Invensys Employee Benefits Committee):

> has broad authority to determine the status and rights of participants, beneficiaries and other persons, to make rulings and prescribe procedures, to gather information, to exercise all of the power and authority contemplated by ERISA with respect to the plans, to employ or appoint persons to help or advise in any administrative functions, to appoint investment managers and trustees, and generally to do all other things needed to operate, manage and administer the plans.

The Summary Plan Description goes on to state "[i]n making any benefits determinations under the plans, Invensys, Inc. [the Plan Sponsor] shall have discretionary authority both to determine an employee's eligibility for benefits and to construe the terms of the plans.  The Plan Administrator retains all of its other authority."  The plain reading of this plan language is to confer discretionary authority to make eligibility determinations on Invensys, Inc., the Sponsor, and not upon the Plan Administrator, the Invensys Employee Benefits Committee.  Moreover, the Insurance Policy issued to Invensys by Life Insurance Company of North America, provides that the *insurance company* "shall have the authority, in its discretion, to interpret the terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact."  It appears to the court that either Invensys, Inc. or the insurance company was granted the discretionary authority to make eligibility determinations, not

3

the Plan Administrator.  Accordingly, the court concludes that the appropriate standard of review herein is *de novo*. Moreover, since the insurance company pays the disability benefits under the Plan, there does not appear to be any conflict of interest.

Even though the court has determined that a *de novo* review is appropriate, the court is limited to reviewing only the evidentiary record that was presented to the decision-maker. Quesinberry v. Life Insurance Co. of North America, 987 F.2d 1017, 1026-27 (4th Cir. 1993). The court may exercise its discretion to allow additional evidence that was not before the plan administrator, but only when circumstances "clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision."  Id. at 1025.   At this point in the litigation, no such "exceptional circumstances" have been brought to the attention of the court.  Accordingly, the court intends to limit its review to the claims record before the Plan Administrator.

IT IS THEREFORE ORDERED that the standard of review to be applied to this case is *de novo*.

IT IS FURTHER ORDERED that should the Plaintiff wish the court to review any other evidence outside of that which was before the Plan Administrator, such as expert testimony, Plaintiff must clearly establish exceptional circumstances such as those described in Quesinberry v. Life Insurance Co. of North America, 987 F.2d 1017 (4th Cir. 1993).

So ordered.                                        Signed: February 13, 2007

Graham C. Mullen
United States District Judge