# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv283
### [Lead Case]

| | |
|---|---|
| JOHN F. SIMONTACCHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **O R D E R** |
| | ) |
| INVENSYS, INC., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on reassignment.

On July 2, 2007, the Defendant moved for summary judgment and the Plaintiff, who appears *pro se* in this matter, filed response on July 18, 2007. In accordance with the decision of the United States Fourth Circuit Court of Appeals in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff is cautioned that he carries a heavy burden in responding to a motion for summary judgment.

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**Fed.R.Civ.P. 56(e).**

This language means that if the Plaintiff has any evidence to offer to show that there is a genuine issue for trial, he must now present it to the Court in a form which would otherwise be admissible at trial; that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement made under oath; in other words, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Affidavits or statements must be presented, if at all, by the Plaintiff to this Court within 15 days from the entry of this Order. As stated in Rule 56(e), the Plaintiff's failure to respond may result in the action being dismissed by way of summary judgment.

The Court also notes that this is an action brought pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et. seq.* However, both parties have asserted state law claims. The Court will

provide the parties with an opportunity to explain why, in this case, those state law claims are not preempted by ERISA.

**IT IS, THEREFORE, ORDERED** that the Plaintiff may respond in accordance with Federal Rule of Civil Procedure 56(e) on or before 15 days from entry of this Order by pleading not to exceed 10 double spaced pages excluding exhibits.

**IT IS FURTHER ORDERED** that the parties shall respond to the issue of preemption by pleading not to exceed 10 double spaced pages on or before 15 days from entry of this Order.

**THE PARTIES ARE FURTHER NOTIFIED** that this matter will be scheduled for a status conference during the week of November 19, 2007. The Clerk will notify the parties of the specific date, time and place of such status conference.

Signed: October 23, 2007

Martin Reidinger
United States District Judge