# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv283
### [Lead Case]

| | |
|---|---|
| JOHN F. SIMONTACCHI, | )
| | )
| Plaintiff, | )
| | )
| vs. | ) **O R D E R**
| | )
| INVENSYS, INC., | )
| | )
| Defendant. | )

**THIS MATTER** came before the Court on November 19, 2007 for a status conference.

During the status conference, the parties were advised that any issues remaining for trial after resolution of the pending motions would be placed on the February 11, 2008 term of Court. Any remaining claims pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et. seq.* will be severed by separate order from the trial of other claims remaining in the case and will be disposed of on the administrative record.

With regard to the non-ERISA issues that remain after the entry of the Court's order granting in part and denying in part the Defendant's motion for summary judgment, this case will be set for trial during the February 11, 2008 term. The Court enters the following Order concerning the conduct of the trial and trial procedures:

A. TRIAL SUBPOENAS: The parties must subpoena all witnesses <u>at least ten (10) days</u> before the day on which the Clerk of Court has set the case for trial. The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

B. THE PARTIES' DUTIES PRIOR TO TRIAL: <u>Either one week before the Trial Date or at the final pretrial conference</u>, which ever is later, the parties shall:

 (i) Discuss the possibility of a settlement;

 (ii) Exchange copies of exhibits or permit inspection if copying is impractical;

 (iii) Number and become acquainted with all exhibits;

 (iv) Agree upon the issues, reduce them to writing and file them with the Court. If the parties cannot agree upon the issues,

each party is directed to write his/her own version and file it with the Court;

(v) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

C. PROPOSED JURY INSTRUCTIONS: If a jury trial has been requested, the parties shall submit proposed jury instructions **no later than one (1) week** before the day on which the Clerk of Court has set the case for trial or the day of the final pretrial conference, whichever is earlier. Additional instructions may be submitted during the trial as circumstances may require. The parties should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation will not be considered. Boilerplate introductory instructions are not required to be submitted.

D. THE PARTIES' PRE-TRIAL FILINGS: The parties are to file the following with the Court:

(i) No later than **fourteen (14) days** prior to the Final Pre-Trial Conference, each party shall file any motions *in limine.*

Responses to any such motions must be filed no later than **seven (7) days** prior to the Final Pre-Trial Conference. For the purposes of this provision, <u>Daubert</u>[1] motions are not to be considered motions *in limine*, but are addressed in another portion of this Order.

(ii) No later than one (1) week before the first day of the term of Court in which this matter is set for trial, or the final Pre-Trial Conference, whichever is earlier, the parties shall file with the Court:

    (a) The issues and stipulations as called for above;

    (b) A trial brief addressing all questions of law and any anticipated evidentiary issues. Such trial brief shall not exceed 25 pages and shall be double spaced and in at least 14 point type;

    (c) In all non-jury cases, submit proposed Findings of Fact and Conclusions of Law; and

    (d) Proposed jury instructions, as described above.

(iii) No later than **the morning of the day on which jury selection is scheduled to begin**, each party shall file the following

---

[1] <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).

documents with the Clerk of Court and provide a hard copy to the presiding judge or his courtroom clerk:

    (a)    A witness list containing the name of every proposed witness;

    (b)    A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

    (c)    Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

    (d)    An exhibit list.

E.    EXHIBIT NOTEBOOKS: If any party intends to tender more than fifteen (15) documentary exhibits, that party shall prepare <u>four (4) identical exhibit notebooks</u>, or sets of exhibit notebooks. Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit. The parties shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks. Four (4) identical exhibit notebooks, or sets of exhibit notebooks, are necessary so that the witness and Court personnel each have an exhibit notebook, or set of exhibit

notebooks.

F.  FORMAT FOR EXHIBIT LIST: In preparing the exhibit list, the parties shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

<u>Exhibit #</u>

<u>Description</u>

<u>    Stipulation of Authenticity</u>

<u>    Stipulation of Admissibility</u>

<u>    Objection</u>

<u>    Identified by</u>

<u>    Admitted</u>

It is not necessary for the parties to make entries in either the "Identified by" column or the "Admitted" column.  The parties should only enter "Yes" or "No" for each exhibit in the columns regarding the stipulations of authenticity and admissibility.

G.  JURY VOIR DIRE:  Following initial voir dire by the Court, the parties will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

H.  SANCTIONS FOR THE PARTIES' FAILURE TO MEET DEADLINE

FOR FILING: If any party fails to comply timely, the Court <u>may</u> impose sanctions, including but not limited to, a $50.00 per day fine assessed against that party.

I. ASSESSMENT OF JURY COST: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties.  When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

J. To the extent that any provision of the local rules conflict with this Order, this Order shall govern.  This Order is subject to modification only by Order of this Court and may not be modified by agreements among the parties.

With the exception of the pleadings identified herein, the parties are hereby ordered that no further filings may be made in connection with this matter without prior leave of the Court. Such leave should not be sought absent extraordinary circumstances.

**IT IS, THEREFORE, ORDERED** that the parties shall comply with the terms and provisions of this Order.

**IT IS FURTHER ORDERED** that this matter be scheduled for trial during the February 11, 2008 term of Court.

Martin Reidinger
United States District Judge

Signed: January 11, 2008