# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv283
### [Lead Case]

| | |
|---|---|
| JOHN F. SIMONTACCHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| INVENSYS, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Extend the Time for Filing a Notice of Appeal of the Court's January 11, 2008 Order and Partial Judgment [Doc. 69], and the Plaintiff's Motion for Partial Reconsideration of the Court's January 11, 2008 Memorandum o[f] Decision and Order [Doc. 77].

## MOTION TO EXTEND

On January 11, 2008, the undersigned issued a Memorandum of Decision and Order which made the following rulings:

1

1. The Plaintiff's cause of action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1001, *et. seq.*, for long term disability benefits (Simontacchi v. Invensys, Inc., 3:05cv283, Simontacchi II) was severed from all other claims asserted by the parties and from the February 2008 trial concerning damages. Those portions of the Defendant's Motion for Summary Judgment dealing with the ERISA cause of action were not addressed in the January 11, 2008, decision, and it was noted that the portions of the motion regarding the ERISA claim would be considered at a later time. [Doc. 53 at 4].

2. The Plaintiff's claims in Simontacchi v. Invensys, Inc., 3:06cv52 (Simontacchi III) for short term disability benefits, breach of contract, declaratory judgment, breach of the covenant of good faith and fair dealing and violations of the North Carolina Wage and Hour Act were dismissed with prejudice. [Id., at 45]. Carolina Power and Light Co. v. Dynegy Marketing, 415 F.3d 354 (4th Cir. 2005) (district court's order is a final decision if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment).

3. All of the Plaintiff's claims asserted in Simontacchi III for breach of

contract, specific performance, malicious use of process and abuse of process which were denominated as "counterclaims" were dismissed with prejudice. [Id.]; [Doc. 53].

4. The Defendant's Motion for Summary Judgment as to its counterclaim in <u>Simontacchi II</u> for breach of contract was granted as to the Plaintiff's liability to Defendant, and the issue of damages was set for trial in February 2008. [Id., at 46]; <u>Carolina Power</u>, 415 F.3d 354. (a judgment on liability that does not fix damages is not a final judgment).

5. The Defendant's Motion for Summary Judgment as to its counterclaim in <u>Simontacchi III</u> for breach of contract was granted on the issue of the Plaintiff's liability to Defendant, and the issue of damages was set for trial in February 2008. [Id.]; [Doc. 53 at 46].

6. The Defendant's counterclaims for unjust enrichment and specific performance were dismissed. [Id.].

On that same date, the Court entered Partial Judgment. [Doc. 54].

The entry of partial judgment caused Plaintiff's attorney to have concern as to the appropriate time for filing a notice of appeal from the rulings. Certain claims were dismissed with prejudice. See, Federal Rule

of Civil Procedure 54(b) ("When an action presents more than one claim for relief ... the court may direct entry of a final judgment as to one or more, but fewer than all, claims ... only if the court expressly determines that there is no just reason for delay."). On the other hand, the issue of damages for the breach of contract was set down for a bench trial, to be followed by the issuance of a decision and judgment relating thereto. Likewise, the decision advised that the Motion for Summary Judgment as to the ERISA claim would be the subject of a separate decision. Id. ("Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Understandably, counsel wished to preserve his client's rights and therefore moved to extend the time within which to file any notice of appeal.

Two days after the bench trial but before a written decision was issued, Plaintiff's counsel moved to reconsider the January 11, 2008 decision. [Doc. 77]. That motion, however, was not based on the motions

4

identified in Federal Rule of Appellate Procedure 4 which would have tolled the time within which to file a notice of appeal because the time within which to make such motions had expired by the time counsel was retained and appeared in the action. Fed.R.App.P. 4(a)(4)(A) (the time within which to file a notice of appeal runs from the entry of an order disposing of motions pursuant to Federal Rules of Civil Procedure 50(b), 52(b), 54(d)(2), 59 and 60). Thus, counsel could not rely on the tolling provision contained within Federal Rule of Appellate Procedure 4(a)(4)(A).

As a result, counsel moved pursuant to Federal Rule of Appellate Procedure 4(a)(5) which provides in pertinent part:

> (A) The district court may extend the time to file a notice of appeal if:
>
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>>
>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> . . .
> (C) No extension under this Rule 4(a)(5) may exceed ... 10 days after the date when the order granting the motion is entered[.]

Fed.R.App.P. 4(a)(5).

Plaintiff's counsel filed the motion for an extension of time on the thirtieth day after the January 11, 2008 decision. He has shown good cause for an extension by virtue of his concern as to whether the Partial Judgment rendered final judgment as to some issues. The Court therefore determines that the motion should be granted.[1]

As to the portions of the Partial Judgment entered January 11, 2008 which rendered final judgment, counsel may file his notice of appeal on or before ten days from entry of this Order. As to the portions of that order which did not render final judgment, the time within which to appeal will run from the date of entry of any judgment thereon.

## THE MOTION TO RECONSIDER

Plaintiff has moved for reconsideration of the January 11, 2008 decision pursuant to Federal Rule of Civil Procedure 54(b) which provides in pertinent part: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment

---

[1] The Defendant did not respond to the motion and the Court therefore concludes that it has no objection.

adjudicating all the claims and all the parties' rights and liabilities." In deciding whether to reconsider an interlocutory order, the district court should consider whether there has been an intervening change in controlling law, whether there is additional evidence not previously available and whether the prior decision was based on clear error or will work a manifest injustice. Akeva v. Adidas, 385 F.Supp.2d 559, 565 (M.D.N.C. 2005); Baytree Associates, Inc. v. Dantzler, Inc., 2008 WL 2182202 (W.D.N.C. 2008). The Court, however, does not review this motion with the same strictures as would be applied to motions pursuant to Federal Rules of Civil Procedure 59 and 60. American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505 (4th Cir. 2003); Bragg v. Robertson, 183 F.R.D. 494 (S.D.W.Va. 1998).

The Plaintiff asks for reconsideration of the Court's ruling that his claims in Simontacchi III are barred by the settlement in Simontacchi I.[2] In Simontacchi I, the Plaintiff asserted claims for breach of his employment contract and bonus program, declaratory judgment that he was entitled to participate in that bonus program, breach of the covenant of good faith and

---

[2] Although the Plaintiff characterizes this as an interlocutory ruling, it was actually a final ruling reduced to judgment dismissing those claims. Nonetheless, the Court gives the Plaintiff the benefit of the less stringent standard of review.

7

fair dealing and violations of the North Carolina Wage and Hour Act. [Doc. 53 at 8]. When the parties reached a settlement, the Plaintiff was required to and did release all claims arising out of his employment with the Invensys but was allowed to pursue his claim for short term disability benefits. [Id., at 9].

In <u>Simontacchi III</u>, the Plaintiff sued alleging breach of contract because he was denied short term disability benefits and violations of the North Carolina Wage and Hour Act based on the denial of those disability benefits, and seeking declaratory judgment that he was entitled to those short term benefits

In moving for reconsideration, the Plaintiff argues that all of his "claims for relief in <u>Simontacchi III</u> were based only upon Defendant's denial of Plaintiff's claim for [short term disability] benefits, which were not at issue in <u>Simontacchi I</u>." [Doc. 78, filed February 20, 2008, at 5]. Thus, he claims, he could not have released claims for breach of contract and violations of the Wage and Hour Act as they related to short term disability benefits.

Plaintiff's argument, however, completely ignores the language of the

8

release.³ As the Court noted in its prior decision, the Plaintiff released "all claims arising out of his employment" with Invensys for breach of contract and covenants of good faith and fair dealing, all claims arising under the North Carolina Wage and Hour Act, and all statutory claims. It did not preclude him from the "ability to pursue" short term disability benefits. The "ability to pursue" is limited to the right to apply for and attempt to obtain short term disability benefits. Counsel for Simontacchi claims that the only manner in which Simontacchi could present his claim for short term disability benefits was by bringing an action for breach of contract, breach of covenants of good faith and fair dealing and as arising under the Wage and Hour Act.

In the January 11, 2008, decision, the undersigned addressed Simontacchi's claim for short term disability benefits pursuant to his contract with his employer. To clarify, to the extent that Simontacchi attempted to pursue short term benefits, the Court did not find that this claim violated the terms of the settlement agreement and release. The Court, however, rejects the Plaintiff's efforts to bootstrap into Simontacchi

---

³ The motion to reconsider also completely ignores another ruling in the January 11, 2008 decision that the stipulation of dismissal in Simontacchi I operates by *res judicata* to preclude any claims which arose from his employment with the Defendant. [Doc. 53 at 35]. This alone warrants denial of the motion to reconsider.

III claims which he explicitly released in <u>Simontacchi I</u> by casting them in the guise of claims for short term disability benefits.[4] To accept this argument would render completely meaningless the language of the release.

The Plaintiff has not shown an intervening change in controlling law or additional evidence not previously available. He has argued that the prior decision was based on clear error and is unjust. The Court, however, rejects those arguments.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Extend the Time for Filing a Notice of Appeal of the Court's January 11, 2008 Order and Partial Judgment [Doc. 69] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Partial Reconsideration of the Court's January 11, 2008 Memorandum o[f]

---

[4] Indeed, as the Defendant points out, Simontacchi sought separate and additional damages for these other causes of action which would have been unnecessary had he merely sought his $30,000 worth of short term disability benefits. [Doc. 82 at 4]. Instead, Simontacchi sought damages in excess of $400,000 in connection with his claims for breach of the covenant of good faith and Wage and Hour Act and additional damages in an undisclosed amount for abuse of process and breach of contract. [Doc. 82 at Exhibit A].

Decision and Order [Doc. 77] is hereby **DENIED**.

Signed: February 19, 2009

Martin Reidinger
United States District Judge